**PEPSICO, INC., Plaintiff,**

v.

**BANNER INDUSTRIES, Defendant.**

No. C2-86-1571.

United States District Court, S.D. Ohio, E.D.

Sept. 25, 1991.

Russell Allen Kelm, Columbus, Ohio, for plaintiff.

Michael John Fusco, Westerville, Ohio, for defendant.

## OPINION AND ORDER

**GEORGE C. SMITH, District Judge.**

Plaintiff PepsiCo, Inc. brings this action alleging defendants defrauded it in connection with PepsiCo's sale of Lee Way Motor Freight, Inc. to Commercial Lovelace Motor Freight, Inc. This matter is before the Court on Banner Industries, Inc.'s February 27, 1987 motion to dismiss and to stay,

PepsiCo's February 1, 1990 objection to Magistrate Judge Abel's September 15, 1989 Report and Recommendation (as supplemented January 8, 1990), PepsiCo's November 14, 1989 motion for reconsideration of Magistrate Judge Abel's October 6, 1989 Order holding that twenty-six pages of attorney notes were not discoverable, PepsiCo's March 5, 1990 objections to Magistrate Judge Abel's February 23, 1990 Order recommending that defendant Phillip R. White's November 3, 1990 motion to dismiss Count VII of PepsiCo's Second Amended Complaint be granted, defendant Banner Industries, Inc.'s April 24, 1990 motion to dismiss the Third Amended Complaint, and PepsiCo's June 15, 1990 motion for Rule 11 sanctions against Banner. Each of these will be considered below. The facts relevant to decision are fully and fairly set out in Magistrate Judge Abel's September 15, 1989 Report and Recommendation as supplemented January 8, 1990. They will not be repeated here.

*Banner Industries, Inc.'s February 27, 1987 motion to dismiss and PepsiCo's objections to Magistrate Judge Abel's report and recommendation.* The sole question for decision is whether PepsiCo has standing to pursue civil RICO and securities fraud claims against defendants Banner and Krasney. The Second Amended Complaint alleges that in June 1984 Banner and Krasney caused other defendants to fraudulently induce PepsiCo to sell Lee Way Motor Freight, Inc. to Commercial Lovelace. It further alleges that defendants fraudulently induced PepsiCo to extend substantial financial accommodations to Lee Way Motor Freight, Inc. and Commercial Lovelace, purportedly to be secured or reimbursed by the very Lee Way assets defendants, unbeknownst to PepsiCo, were then stripping for their own benefit. By November 1984 virtually all of Lee Way's operations were shut down by defendants at Banner's behest. By the end of February 1985 all of Lee Way's assets had been transferred to Commercial Lovelace.

■ PepsiCo pleaded the same facts in a third party complaint it brought against Banner in *St. Paul Fire and Marine In-*

surance Company v. PepsiCo, Inc., 35 Civ. 2276 (KTD) (S.D.N.Y.1985). The claims asserted there (alter ego and fraud) are different than those asserted here (civil RICO and securities fraud). The United States Court of Appeals for the Second Circuit held in St. Paul that PepsiCo did not have standing to assert the alter ego and fraud claims, and that the claims were properly asserted by the bankruptcy trustee. St. Paul Fire and Marine Insurance Company v. PepsiCo, Inc., 884 F.2d 688, 705, 707 (2d Cir.1989). Whether PepsiCo has standing to pursue these claims against Banner and Krasney depends in large part on the Courts reading of the Second Circuit's St. Paul decision.

The parties agree that the Second Circuit applied the proper legal test: Whether PepsiCo suffered direct, individual harm or whether, instead, it suffered the same harm generally suffered by the creditors of Lee Way Motor Freight, Inc. St. Paul, 884 F.2d at 704. If PepsiCo suffered direct, individual harm, it has a cause of action it can pursue here. If it merely suffered the same harm generally suffered by Lee Way's creditors, the cause of action belongs to the bankruptcy trustee. Id.

Although PepsiCo continues to vigorously assert that it suffered direct, individual harm, on the very same facts pleaded here the Second Circuit found that it did not. PepsiCo argues that because the Second Circuit stated that it made its ruling "without reaching the merits," this Court is precluded from concluding that the Second Circuit found that PepsiCo suffered no direct, individual injury. That argument misses the point. The Second Circuit's standing ruling is anchored in its finding that PepsiCo suffered no direct, individual injury. For the reasons set out in Magistrate Judge Abel's report and recommendation, that mixed factual/legal finding is res judicata, a finding that collaterally estops PepsiCo from arguing otherwise on the facts pleaded here (which are the same facts pleaded in St. Paul), and persuasive authority supporting the determination that on the facts pleaded in the Second Amended Complaint PepsiCo has suffered no direct, individual injury entitling it (in-stead of the bankruptcy trustee) to pursue the claims alleged.

At first glance it would appear that PepsiCo suffered direct, individual injury, since the Second Amended Complaint alleges that Banner and Krasney caused other defendants to fraudulently induce PepsiCo to sell Lee Way Motor Freight, Inc. to Commercial Lovelace and further fraudulently induced PepsiCo to extend substantial financial accommodations to Lee Way and Commercial Lovelace. However, PepsiCo unsuccessfully advanced these same arguments in St. Paul. There PepsiCo alleged that Banner fraudulently induced it to sell Lee Way by concealing from it Banner's true relation to Commercial Lovelace, which was one of financial domination and managerial control. It also alleged that "through Banner's influence and domination of Commercial Lovelace, Banner caused Commercial Lovelace to 'plunder[ ]' Lee Way, stripping it of assets." St. Paul, 884 F.2d at 691.

The Second Circuit held in St. Paul that PepsiCo's "injury is not a particular one that can be directly traced to Banner's conduct. Instead, it has alleged a secondary effect from harm done to Lee Way." 884 F.2d at 704. The Second Circuit rejected PepsiCo's argument that it because "would have structured its deal with Commercial Lovelace differently had it known of Banner's 'true' relationship with Commercial Lovelace and its intent to use Commercial Lovelace to strip Lee Way of its assets," it suffered direct, individual injury:

PepsiCo's personalization of the harm stems from its original relationship to Lee Way. Because Lee Way was the entity that was stripped of assets, and because PepsiCo was the seller of Lee Way, PepsiCo asserts that its harm is direct and specific to it. To the contrary, however, PepsiCo' harm is precisely that suffered by all other creditors of Commercial Lovelace and Lee Way: because Commercial Lovelace and Lee Way were used by Banner to preferentially pay off debts owed to Banner, all other creditors of Commercial Lovelace and Lee Way fell into disfavored positions.

884 F.2d at 704. The Second Circuit also rejected PepsiCo's argument "that it agreed to sell Lee Way to Commercial Lovelace "on the explicit understanding the Commercial Lovelace would use its best efforts to maintain Lee Way as an ongoing, viable, operating company...." 884 F.2d at 705. The Second Circuit found:

> PepsiCo's 'understanding' with Commercial Lovelace apparently did not limit the use that Commercial Lovelace could make of any particular Lee Way asset; ... Indeed, Commercial Lovelace's offering papers make it plain that sale of assets was not only contemplated by the parties, but was a vital part of the deal. If Commercial Lovelace did not sell assets, it would not have been able to buy Lee Way in the first place. PepsiCo's allegations therefore raise no more than a claim of generalized harm to the estate and creditors of Commercial Lovelace and Lee Way.

884 F.2d at 706.

PepsiCo also argues here that it has met the direct, individual injury standing requirement because Magistrate Judge Abel found that its civil RICO claim plead fraud "against a number of victims, including plaintiff." Report and Recommendation at p. 14. The Magistrate Judge did no more than hold that the Second Amended Complaint met the liberal pleading standards of Rule 8(a), Fed.R.Civ.P. The fact remains that PepsiCo litigated similar claims for relief against Banner in *St. Paul.* On the very same facts pleaded here, the United States Court of Appeals for the Second Circuit held that PepsiCo did not have standing to pursue the claims pleaded there because it had not suffered direct, individual injury. That determination is controlling here. PepsiCo has had a full and fair opportunity to litigate its claims against Banner and Krasney arising out of the facts pleaded in the *St. Paul* litigation. It has no right to seek a second ruling on the standing issue from this Court.

Accordingly, the Court hereby ADOPT's Magistrate Judge Abel's September 15, 1989 Report and Recommendation as supplemented January 8, 1990 and GRANTS Banner and Krasney's February 27, 1987 motion to dismiss.

*PepsiCo's November 14, 1989 Motion For Reconsideration of Magistrate Judge Abel's October 6, 1989 Order.* PepsiCo seeks review of that portion of the Magistrate Judge's Order which held that twenty-six pages of attorney notes were prepared in anticipation of litigation and were protected by attorney-client privilege. Finding that Magistrate Judge Abel's Order is not clearly erroneous or contrary to law, PepsiCo's November 14, 1989 Motion For Reconsideration is DENIED.

*PepsiCo's March 5, 1990 Objections To Magistrate Judge Abel's February 23, 1990 Order Recommending that Defendant Phillip R. White's November 3, 1990 Motion To Dismiss Count VII Of PepsiCo's Second Amended Complaint Be Granted.* The Magistrate Judge held that the claim asserted in Count VII is an asset of the bankruptcy estate. On January 19, 1991 Judge Calhoun authorized PepsiCo to assert fraud and RICO claims on behalf of the Lee Way Holding Company bankruptcy estate against all defendants except Banner Industries, Inc., its officers and directors (the bankruptcy estate having already settled its potential fraud and RICO claims against those defendants).

Accordingly, the Court HOLDS that PepsiCo is now authorized to pursue a RICO claim against defendant Phillip R. White; accordingly, the Magistrate Judge's recommendation is REJECTED. Defendant White's motion to dismiss Count VII of the Second Amended Complaint is DENIED.

■ *PepsiCo's June 15, 1990 Motion For Sanctions Against Banner For Violation of Rule 11.* Counsel for PepsiCo and Banner have both, at times, engaged in overly aggressive litigation tactics. Both now accuse the other of making misleading arguments in connection with Banner's April 24, 1990 Renewed Motion To Dismiss. The Court has carefully read the briefs, the cases cited, and Judge Russell's decision and finds that neither counsel violated Rule 11, although both their clients would have been better served if their briefs had been less hyperbolic and more temperate.

Accordingly, PepsiCo's June 15, 1990 Motion For Sanctions Against Banner For Violation of Rule 11 is DENIED.

*Banner Industries, Inc. and Samuel J. Krasney's April 24, 1990 Renewed Motion To Dismiss.* This motion is GRANTED for the reasons set out above in connection with these defendant's February 27, 1989 Motion To Dismiss. Judge Russell's decision has no effect on this case. In *Banner Industries, Inc. v. PepsiCo. Inc.*, CIV 85–449–R (W.D.Okla.1985), Banner, suing as Commercial Lovelace's subrogee, brought fraud and contract claims against PepsiCo arising out of Commercial Lovelace's purchase of Lee Way. The United State Court of Appeals for the Tenth Circuit held that Banner stands in the shoes of Commercial Lovelace, and is subject to any defenses and setoff rights PepsiCo may have against Commercial Lovelace. *Courtney v. Commercial Lovelace Motor Freight, Inc.*, No. 86–2846 (10th Cir. October 24, 1988). PepsiCo asserted the affirmative defenses that: (1) the equities did not support Banner's claim for relief; (2) Commercial Lovelace had fraudulently induced PepsiCo to sell Lee Way; and (3) PepsiCo could claim a setoff for debts allegedly owed it by Commercial Lovelace. Judge Russell issued decisions denying Banner's motions to strike these defenses.

Judge Russell's ruling has no relevance to the question before this Court: Whether PepsiCo has standing to bring securities fraud and civil RICO claims against Banner and Krasney. Banner's claims in the Oklahoma suit were derived from Commercial Lovelace. PepsiCo had the right to defend those claims by asserting any claims it had against *Commercial Lovelace* (not Banner). Judge Russell's decision that PepsiCo had claims it can assert against Commercial Lovelace has no relevance here, where PepsiCo attempts to assert claims against Banner and Krasney.

IT IS SO ORDERED.